IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| TRUSTEES OF THE PLUMBERS & PIPEFITTERS LOCAL UNION NO. 286 HEALTH AND WELFARE FUND, TRUSTEES OF THE PLUMBERS & PIPEFITTERS LOCAL UNION NO. 286 MONEY PURCHASE PLAN, TRUSTEES OF THE AUSTIN PLUMBERS & PIPEFITTERS AREA JOINT APPRENTICE COMMITTEE TRUST FUND, TRUSTEES OF THE PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND AND INTERNATIONAL TRAINING FUND, §§§§§§§§§§§§§§§§§§§§§§ | |
| Plaintiffs | CIVIL ACTION NUMBER 4:16-cv-911 |
| VS. | |
| JEREMY R. HOBSON, INDIVIDUALLY, AND C. JOSEPH INDUSTRIES, LLC | |
| Defendants | |

## AFFIDAVIT

THE STATE OF TEXAS   §

COUNTY OF HARRIS   §

BEFORE ME, the undersigned authority, on this day personally appeared DOUGLAS M. SELWYN, who, upon oath, duly sworn, deposed and stated as follows:

1. I am over the age of eighteen years and competent to make this Affidavit. I am counsel of record for the Plaintiffs in the above-styled and numbered cause, and I have personal knowledge of the matters stated herein.

2. This is an action arising out of a violation of the Employee Retirement Income Security Act by failure to abide by a Collective Bargaining Agreement to pay the necessary and requisite employer contributions for each of the employees working under covered employment for Defendant.

3. I performed or supervised all of the legal services rendered on behalf of the Plaintiffs in this case. All of such services were reasonable and necessary to prosecute the

Plaintiffs' causes of action against the Defendant. I am licensed to practice law in all courts by the Texas Supreme Court and I have engaged in employee benefits law, general business and litigation practice in the State of Texas and in particular, this District, with certain emphasis on cases similar to this one. In the course of my experience, I have become familiar with the customary and usual charges for attorneys' fees in cases similar to the one currently before the Court. I am admitted to practice in the United States District Courts for the Eastern, Northern, Western and Southern Districts of Texas, to the United States Court of Appeals for the Fifth and Eleventh Circuits and to the Supreme Court of the United States of America.

4. Based on my experience described above, and based upon the factors for determining attorneys' fees as established by *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) and *Nisby v. Commissions Court of Jefferson County*, 798 F.2d 134 (5th Cir. 1986), I offer the following testimony regarding the twelve factors discussed therein.

5. Further, the award of legal fees is mandatory under ERISA Section 502(g)(2)(D) [29 U.S.C. Section 1132(g)(2)(D)] in actions to enforce ERISA Section 515 [29 U.S.C. Section 1145] for the collection of delinquent employer contributions.

### The Time and Labor Required

6. One attorney rendered services on behalf of the Plaintiffs in this case. Below is a description of my qualifications:

I have more than 37 years of experience in employee benefits law practice and business litigation, with a billing rate of $365.00 per hour, which is well below the usual and customary rates for this type of legal specialty and legal work.

7. The work described was reasonable and necessary. The work performed by the legal assistants, if any, was not merely clerical, but work that required additional skill and experience required of a legal assistant.

### The Novelty and Difficulty of the Questions

8. This involves novel issues applicable to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001, *et seq.* ERISA is the pervasive, preemptive, controlling federal omnibus statute providing for the administration and enforcement of federal standards and requirements for the proper operation of employee benefit plans. These plans are regulated by the Department of Labor and Internal Revenue Service.

### The Skill Requisite to Perform the Legal Services Properly

9. Considering the nature of the facts in controversy and the amount in dispute, the proper representation of Plaintiffs required an attorney with above average skills. I have extensive experience and knowledge in the area of employee benefits plans cases and the legal and factual issues relating to them because a significant part of my practice involves this area of law. This type of case involves a specialized area of law and specialized skills and knowledge are necessary in order to render qualified professional legal services.

### The Preclusion of Other Employment by the Attorney due to Acceptance of the Case

10. Other than the amount of time required to be spent on the case, acceptance of the case did not foreclose the attorney from otherwise available business, nor did any conflicts of interest arise, which this case affected.

### The Customary Fee

11. The fees and expenses charged for the attorneys and legal assistants in this case were customary, considering the nature of the case and the amount in controversy, in this county and the surrounding counties in the State of Texas, at or about the times and occasions in question.

### Whether the Fee is Fixed or Contingent

12. The fee in this case was based on time spent and expenses incurred, at the customary hourly rate and expense charges of the attorneys and the legal assistants involved.

### Time Limitations Imposed by the Clients or Circumstances

13. Other than the time necessary for the case, there were no extraordinary time limitations or emergency circumstances.

### The Amount Involved and the Results Obtained

14. The amount in controversy was substantial, and the results obtained for the clients are favorable, if judgment is granted, with recovery of the principal amount due, prejudgment interest, liquidated damages, audit charges, if any, reasonable attorneys' fees and court costs.

### The Experience, Reputation and Ability of the Attorneys

15. I have maintained a specialty and have extensive experience in employee benefits law for over 37 years. I am former Co-Chair of the Employee Benefits Committee of the Labor & Employment Law Section of the American Bar Association, having previously served as co-chair of the Ethics subcommittee (1994 through 2005) and co-chair of the Fiduciary Responsibility subcommittee (2005 - 2008). I have lectured and written articles for the Bar and numerous publications. I am a fellow of the American College of Employee Benefits Counsel, Inc. The American College of Employee Benefits Counsel, Inc. ("ACEBC") was formed to recognize employee benefits attorneys who have at least 20 years of experience and dedicated their careers to the field of employee benefits and who in doing so have made significant contributions to the advancement of the employee benefits field by demonstrating their leadership, character, ability and professional responsibility. The official mission statement of the ACEBC is: "Fostering excellence in the practice of employee benefits law and advancing public understanding of employee benefits." Therefore, the attorneys and legal assistants involved have particular experience related to litigation matters such as the one before the Court. The rates charged the clients and requested herein are appropriate for the experience, reputation and ability levels of the attorneys and other professional involved.

### The Undesirability of the Case

16. There were no undesirable aspects of the case.

### The Nature and Length of the Professional Relationship With the Clients

17. I have enjoyed an attorney-client relationship with the Plaintiffs for over 30 years.

### Awards in Similar Cases

18. Awards in similar cases should be comparable to the fee requested by counsel in this case.

### Opinion of Reasonable Fees

19. Reasonable attorneys' fees, including the firm's expenses, for Plaintiffs through the preparation of Plaintiff's Motion to Compel Post Judgment Discovery Requests are $1,500.00. Services began with a demand for compliance with the post judgment discovery to Defendant. The above Motion, proposed Order, and supporting affidavits were prepared and filed with this court. We anticipate a hearing on the motion. Reasonable fees for these legal services are $1,500.00.

Douglas M. Selwyn

SUBSCRIBED AND SWORN TO before me, on this 8th day of January 2018, to certify which witness my hand and official seal.

JANET R WESTBROOK
1559735
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
APRIL 24, 2021

NOTARY PUBLIC, STATE OF TEXAS

4