# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| TRUSTEE OF THE LOCAL PLUMBERS & PIPEFITTERS LOCAL UNION NO. 286 HEALTH AND WELFARE FUND, TRUSTEES OF THE PLUMBERS & PIPEFITTERS LOCAL UNION NO. 286 MONEY PURCHASE PLAN, TRUSTEES OF THE AUSTIN PLUMBERS & PIPEFITTERS AREA JOINT APPRENTICE COMMITTEE TRUST FUND, TRUSTEES OF THE PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND AND INTERNATIONAL TRAINING FUND, <br><br> v. <br><br> JEREMY R. HOBSON, INDIVIDUALLY, AND C. JOSEPH INDUSTRIES, LLC | § § § § § § § § § § § § § § § § § § § | Civil Action No. 4:16-CV-00911 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

On April 20, 2018, Plaintiffs Trustees of the Plumbers and Pipefitters Local Union No. 286 Health and Welfare Fund, Trustees of the Plumbers & Pipefitters Local Union No. 286 Money Purchase Plan, Trustees of the Austin Plumbers & Pipefitters Area Joint Apprentice Committee Trust Fund, Trustees of the Plumbers and Pipefitters National Pension Fund, and the International Training Fund's (collectively, "Plaintiffs") filed their Motion for Contempt of Court to Compel Post Judgment Discovery and for Sanctions (the "Motion for Contempt") (Dkt. #29). After reviewing the relevant pleadings and motion, the Court finds that Plaintiffs' motion should be granted.

## BACKGROUND

This case concerns Defendants Jeremy R. Hobson's ("Hobson") and C. Joseph Industries, LLC's (collectively, "Defendants") breach of a Collective Bargaining Agreement by failing to make requisite employer contributions for their covered employees, contrary to the Employee Retirement Income Security Act ("ERISA").

On November 29, 2016, Plaintiffs filed their Original Complaint against Defendants, alleging ERISA violations and breach of contract, breach of fiduciary responsibility, and seeking injunctive relief (Dkt. #1). On May 5, 2017, Plaintiffs filed their Motion for Default Judgment after Defendants failed to appear or file pleadings in the case (Dkt. #11 at p. 2). On June 7, 2017, United States Magistrate Judge Kimberly Priest Johnson held a hearing on Plaintiffs' Motion for Default Judgment during which Plaintiffs offered "argument and evidence in support of their motion and proving up their damages." (Dkt. #14 at p. 4). Plaintiffs also submitted "testimony and evidence of their damages, [attorneys'] fees, and costs" and offered affidavits to support them (Dkt. #14 at p. 4) (footnote omitted). On June 13, 2017, the Magistrate Judge recommended granting Plaintiffs' Motion for Default Judgment (Dkt. #14), on July 11, 2017, the Court adopted that recommendation (Dkt. #15), and on the same day, the Court entered a Final Default Judgment for Plaintiffs (Dkt. #16).

On January 9, 2018, Plaintiffs filed Motions to Compel Defendants to respond to their post judgment discovery requests (the "Motions to Compel") (Dkt. #18; Dkt. #19). The Motions to Compel explained that Plaintiffs had tried to recover financial information from Defendants to enforce the judgment against them without success (Dkt. #18; Dkt. #19).

On January 16, 2018, the Magistrate Judge issued an order, calling for any party opposed to the Motions to Compel to file a response within seven (7) days of receipt of the order

(the "January 16 Order") (Dkt. #20). On January 19, 2018, the Magistrate Judge ordered the Clerk's office to send copies of the January 16 Order and the Motions to Compel to Defendants via Certified Mail, Return Receipt Requested, and the Magistrate Judge received acknowledgment of Defendants' receipt of these documents on January 19, 2018 (Dkt. #21; Dkt. #22). Defendants, however, did not respond by the January 26, 2018 deadline in the June 16 Order (Dkt. #37 at p. 5).

On February 8, 2018, the Magistrate Judge recommended granting the Motions to Compel and ordering Defendants to pay Plaintiffs' attorneys' fees incurred by filing their Motions to Compel (Dkt. #23). On March 7, 2018, the Court adopted the Magistrate Judge's recommendations (the "March 7 Order"), mandating that Defendants respond to Plaintiffs' post judgment discovery requests and pay each of Plaintiffs one thousand five hundred dollars ($1,500.00) for the cost of preparing and filing the Motions to Compel against them (Dkt. #26). The Court ordered the Clerk's office to "send a copy of this Memorandum Adopting via certified mail, return receipt requested to [Defendants]" and Defendants acknowledged receipt (Dkt. #26 at p. 3; Dkt. #27; Dkt. #28).

On April 20, 2018, Plaintiffs filed their Motion for Contempt (Dkt. #29). Plaintiffs averred that Defendants had failed to comply with the Court's "Order in its Memorandum Adopting Report and Recommendation of United States Magistrate Judge dated March 7, 2018, specifically ordering [Defendants] to serve upon Plaintiffs [their] responses to Plaintiffs' Post Judgment Interrogatories and Post Judgment Requests for Production of Documents and payment of [attorneys'] fees of $1,500.00." (Dkt. #29 at p. 2). Plaintiffs declared that Defendants had "thwarted Plaintiffs' attempt to gain access to the discovery items on many occasions and have, with conscious disregard to Plaintiffs' rights, intentionally and maliciously withheld such information to Plaintiffs' detriment." (Dkt. #29 at p. 2). In turn, Plaintiffs argued that Defendants

"contumacious actions justify the imposition of tough sanctions." (Dkt. #29 at p. 2). Plaintiffs also filed an affidavit, claiming their attorneys' fees and costs for preparing the Motion for Contempt (Dkt. #29, Exhibit 1).

On May 3, 2018, the Magistrate Judge issued an Order to Show Cause, demanding that Defendants appear to explain "why [Defendants] should not be held in contempt for failure to obey [the March 7 Order] (Dkt. #26), compelling them to fully comply with Plaintiffs' post judgment discovery requests and to pay Plaintiffs' reasonable attorneys' fees in the amount of $1,500 each." (the "May 3 Order") (Dkt. #30 at p. 2). On May 16, 2018, the Magistrate Judge issued an order, rescheduling the Show Cause Hearing to June 12, 2018 (Dkt. #31). The Magistrate Judge ordered the United States Marshall Service to serve a copy of the "Order, together with the Order to Show Cause (Dkt. #30), the Motion for Contempt (Dkt. #29) and the accompanying affidavit (Dkt. #29, Exhibit 1) on [Defendants]." (Dkt. #31 at p. 2). On May 23, 2018, Defendants acknowledged receipt of the Order, rescheduling the show cause hearing (Dkt. #31), the Order to Show Cause (Dkt. #30), the Motion for Contempt (Dkt. #29) and the accompanying affidavit (Dkt. #29, Exhibit 1; Dkt. #33; Dkt. #34).

On June 12, 2018, Terral Smith ("Mr. Smith") appeared on Plaintiffs' behalf at the Show Cause Hearing (Dkt. #35) but Defendants did not respond to Plaintiffs' Motion for Contempt and failed to appear at the hearing (Dkt. #37 at p. 2). Mr. Smith testified that this lawsuit arose because Defendants failed to make compulsory, employer contributions for their covered employees in breach of the Collective Bargaining Agreement and ERISA (Dkt. #37 at p. 4). Mr. Smith asserted that Defendants' failure caused financial hardship for Plaintiffs because other employers had to cover Defendants' payments (Dkt. #37 at p. 5). Mr. Smith also explained that Plaintiffs had

repeatedly tried to contact Defendants before filing suit, during the pendency of the action, and when seeking to obtain post judgment discovery from Defendants (Dkt. #37 at p. 5).

Based on such conduct, Plaintiffs pursued civil contempt against Defendants and asked the Magistrate Judge to order sanctions to make Defendants comply with its orders and compensate Defendants for any losses sustained (Dkt. #37 at p. 6). Plaintiffs articulated their losses as follows:

1. Judgment in the sum of $42,009.12, with interest as set forth in the Final Judgment (Dkt. #16);

2. Attorneys' fees and costs in the sum of $6,539.50, with interest as set forth in the Final Judgment ([Dkt. #16]);

3. Attorneys' fees and costs related to the Motions to Compel in the sum of $1,500.00, against *each* Defendant ([Dkt. #26]); and

4. Attorneys' fees and costs related to the Motion for Contempt in the sum of $2,500.00, against *each* Defendant ([Dkts. #29; Dkt. #29, Exhibit 1]).

(Dkt. #37 at p. 6) (emphasis in original). The Magistrate Judge found that Defendants repeatedly failed to respond to Plaintiffs' discovery requests and to comply with the Court's orders (Dkt. #37 at pp. 5–6).

On June 27, 2018, the Magistrate Judge entered an Amended Order, Certification of Facts and Recommendation that "Defendant Jeremy R. Hobson, individually, and as sole proprietor of Defendant C. Joseph Industries, shall appear before District Judge Amos L. Mazzant" on July 27, 2018 to show cause why the Court should not hold Defendants in civil contempt for breaching the March 7 Order and the May 3 Order as well as subject Defendants to sanctions to compel their compliance with the March 7 Order and to compensate Plaintiffs for their expenses incurred due to Defendants' noncompliance (the "July 27 Order")[1].

---

[1] "An award of attorneys' fees and costs to the prevailing party in a civil contempt action is determined according to the 'lodestar method.'" *SEC v. AmeriFirst Funding, Inc.*, Civil Action No. #3:07-CV-1188-D, 2008 WL 2185193, at *1 (N.D. Tex. May 27, 2008) (quoting *Microsoft Corp. v. United Comput. Res. Of N.J. Inc.*, 216 F. Supp. 2d 383, 387 (D.N.J. 2002)). The first step of the lodestar method involves multiplying the numbers of hours an attorney spent on

5

The Magistrate Judge ordered that the "United States Marshal shall immediately serve a copy of this Amended Order, Certification of Facts and Recommendation of United States Magistrate Judge on [Defendants]." (Dkt. #37 at p. 7). Defendants acknowledged receipt (Dkt. #38; Dkt. #39; Dkt. #40; Dkt. #41; Dkt. #42). On July 26, 2018, the Court held a show cause hearing, Mr. Terrall appeared on Plaintiffs' behalf, and Defendants did not present to the Court.

## LEGAL STANDARD

When a party perpetrates an act of civil contempt in a matter before a magistrate judge,

> [u]pon the commission of any [act of contempt] . . . B) in any other case or proceeding under subsection (a) or (b) of this section, or any other statute, where . . . (iii) the act constitutes a civil contempt, the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6). A court may enforce its orders through civil contempt, which is intended to compel obedience to a court order. *See In re Bradley*, 588 F.3d 254, 263 (5th Cir. 2009) ("If the purpose of the sanction is to punish the contemnor and vindicate the authority of the court, the order is viewed as criminal. If the purpose of the sanction is to coerce the contemnor into compliance with a court order, or to compensate another party for the contemnor's violation, the order is considered purely civil.").

---

the case by an appropriate hourly rate, which is the market rate in the community for this work. *See Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). The party seeking reimbursement of attorneys' fees bears the burden of establishing the number of hours expended through the presentation of adequately recorded time records as evidence. *See Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir. 1996); *La. Power and Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995); *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). Here, Plaintiffs' affidavits concerning their attorneys' fees did not include any record of the number of hours spent on this proceeding (Dkt. #29, Exhibit 1). Accordingly, the Court requires a more comprehensive hourly record to reward attorneys' fees to Plaintiffs.

"A party commits contempt when he violates a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *SEC v. First Fin. Group of Texas, Inc.*, 659 F.2d 660, 669 (5th Cir. 1981). In a civil contempt proceeding, the movant bears the burden of establishing the elements of contempt by clear and convincing evidence. *SEC v. Res. Dev. Int'l LLC*, 217 F. App'x 296, 298 (5th Cir. 2007) (citing *Petroleos Mexicanos v. Crawford Enter., Inc.*, 826 F.2d 392, 401 (5th Cir. 1987)). "Clear and convincing evidence is that weight of proof which produces in the mind of the trier of fact a firm belief or conviction . . . so clear, direct and weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts of the case." *Shafer v. Army & Air Force Exch. Serv.*, 376 F.3d 386, 396 (5th Cir. 2004), *opinion clarified* No. 03-10074, 2004 WL 2107672 (5th Cir. Sept. 17, 2004).

The elements of contempt that the movant must prove by clear and convincing evidence are: (1) a court order is or was in effect; (2) the order requires certain conduct; and (3) the opposing party fails to comply with the court order. *See Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 47 (5th Cir. 1992). These elements form the plaintiffs' *prima facie* case. *Petroleos*, 826 F.2d at 401.

If a court refers a case to a Magistrate Judge and the Magistrate Judge certifies facts to the Court, demonstrating that a party's actions merit a finding of contempt, courts have deemed that Magistrate Judge's certified facts can state the *prima facie* case for civil contempt. *See Denton v. Suter*, 2016 WL 6581288, at *2 (N.D. Tex. 2016) (quoting *Proctor v. State Gov't of N.C.*, 830 F.2d 514, 521 (4th Cir. 1987) ("'This certificate of facts forwarded by the magistrate to the district court shall be considered the statement of a *prima facie* case. . . . [If the facts] will support a violation, then the district court may, if it deems the burden of persuasion to have been satisfied, find a party in contempt.'")). "After the movant has shown a prima facie case, the respondent can defend

7

against it by showing a present inability to comply with the subpoena or order." *Petroleos*, 826 F.2d at 401. "Even if liability is established, the respondent may demonstrate mitigating circumstances that might persuade the Court to withhold the exercise of its contempt power." *In re Brown*, 511 B.R. 843, 849 (S.D. Tex. 2014) (citing *Whitfield v. Pennington*, 832 F.2d 909, 914 (5th Cir. 1987)).

"Upon a finding of civil contempt, the Court has broad discretion to impose judicial sanctions that would coerce compliance with its orders and compensate the moving party for any losses sustained." *Mary Kay Inc. v. Designs by Deanna, Inc.*, 2013 WL 6246486, at *4 (N.D. Tex 2013) (citing *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 585 (5th Cir. 2000)). The Court may fine the contemnor as long as the sum of the fine is rationally crafted to ensure the contemnor's compliance without being punitive and a definite term of incarceration provided the court releases the contemnor once he complies with the court's order. *In re Dinnan*, 625 F.2d 1146, 1149 (5th Cir. 1995); *FDIC v. LeGrand*, 43 F.3d 163, 168 (5th Cir. 1995). The court can also make the contemnor pay reasonable attorneys' fees assumed by the party seeking contempt. *Cook v. Ochsner Found. Hasp.*, 559 F.2d 270, 272 (5th Cir. 1977).

## ANALYSIS

### I. Defendants Are in Contempt of the Court

The Magistrate Judge certified facts to the Court present Plaintiffs' *prima facie* case (Dkt. #37 at pp. 4–6). The Magistrate Judge's certification of facts to the court show all three elements are established by clear and convincing evidence. First, a court order was in effect: the March 7 Order, adopting the Magistrate Judge's recommendation to grant Plaintiffs' Motion to Compel Defendants to comply with Plaintiffs' post judgment discovery requests (Dkt. #26).

Second, as explained, the March 7 Order required certain conduct from Defendants. Third, Defendants failed to comply with the March 7 Order. *See Martin*, 959 F.2d at 47; (Dkt. #37).

Defendants did not attend the show cause hearing and consequently did not counter the *prima facie* case or offer any mitigating evidence to the Court. Thus, the Court find by clear and convincing evidence that Defendants are in civil contempt.

## CONCLUSION

Defendants Jeremy R. Hobson's and C. Joseph Industries, LLC's actions clearly violated both the letter and the spirit of the March 7 Order. The Court finds that Plaintiffs established by clear and convincing evidence that Defendants Jeremy R. Hobson and C. Joseph Industries, LLC were aware of the March 7 Order and nevertheless violated the terms of the March 7 Order by ignoring its dictates. Thus, the Court orders:

(1) Defendants Jeremy R. Hobson and C. Joseph Industries, LLC are in civil contempt of the Court.

(2) Defendant Jeremey R. Hobson shall be incarcerated until he does the following: (a) responds without objection to "Plaintiffs' Post-Judgment Interrogatories and Request for Production of Documents" (Dkt. #26 at p. 2); (b) pays the $1,500 for attorneys' fees from Plaintiffs' Motion to Compel (Dkt. #26 at pp. 2–3); and the Court determines that Defendant Jeremy R. Hobson has complied with 2(a) and 2(b) above.

(3) The clerk shall issue, and deliver to the United States Marshal, a warrant for the arrest of Defendant Jeremy R. Hobson for confinement as directed by this order.

(4) Plaintiffs are entitled to compensation for fees and expenses tied to this contempt proceeding. To determine the amount of attorney's fees awarded to Plaintiffs, Plaintiffs shall submit to the

Court within seven days of this Order documentation that indicates the hours and billing rates for all legal assistants, associates, and partners who worked on this case.  *See supra* note 1.

**SIGNED this 2nd day of August, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE